CECIL KENYON, RESPONDENT, v. ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 6, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 708, p. 787, n. 78; Master and Servant, 39CJ, section 1155, p. 916, n. 15; section 1200, p. 972, n. 88; section 1266, p. 1052, n. 19; section 1311, p. 1116, n. 61.

*Duvall & Body* and *Miles Elliott* for respondent.

*Charles H. Mayer* for appellant.

FRANK, J.—This appeal is from a judgment of $2000 recovered by plaintiff as damages for alleged personal injuries.

Defendant owns and operates a street railway in the city of St. Joseph, Missouri. Third street in said city runs north and south and is intersected by Michel street running east and west. Street car tracks of defendant are laid in Third street. At the intersection of these streets, a set of car tracks branch off from the track on Third street and run west on Michel street. Cars running north on Third street may be turned west on Michel street by means of a switch located a short distance south of Michel street. On August 5, 1925, plaintiff was in the employ of defendant as a street car conductor, and on this date was engaged in the performance of his duties as such conductor on a trailer passenger car which was attached to and drawn by an electrically propelled street car northward on Third street.

When these cars reached the switch in question, the front or motor car passed over the switch and on northward on Third street, but the trailer car took the curve and ran northwest on the curve into Michel street. The motor car jerked the trailer crosswise of the street. The jerking of the car threw plaintiff against the corner of a seat and onto the floor of the car. He got up and another lurch of the car threw him against the fare box.

Plaintiff testified that the front car was in charge of another conductor; that the motorman in charge of the operation of both cars was in the front or motor car; that he (plaintiff) had nothing to do with the running of the car or the operating or controlling of it. He also testified that if the cars and switch had been in good condition and the cars operated at a reasonable rate of speed, the trailer would not have been derailed.

Plaintiff's evidence tends to show that he was seriously injured and was in a hospital under a doctor's care for some time thereafter. As no complaint is made as to the extent of plaintiff's injuries or the amount of damages awarded, it is unnecessary to burden this opinion with a statement of the facts in relation thereto.

Defendant's witnesses testified that the switch was examined twice on the day of and shortly after the accident and again on

October 15, 1925, and each time found to be in good condition; that the switch, switch point and switch tongue were of standard make, were approved by the American Railway Association, and were of the kind in general use by all street railways; that although the car wheels and switch be in perfect condition,. the vibration of a street car on either track, will sometimes jar the track and cause a movement of the switch point; that the wheels of the trailer in question were examined and found to be in perfect condition.

Defendant also introduced evidence tending to show that the cars went over the switch at about four miles per hour; that the trailer car moved six or eight feet after leaving the Third street track; that the coupling between the cars was not broken and the trailer car was immediately backed onto the track; that the plaintiff at the time of the derailment was standing up in the trailer car and was not thrown down or injured.

Defendant's witness, Feilder, testified he was employed by defendant, his duties being to look after the switches on defendant's track; that he examined these switches twice each day; that no work had been done on the switch in question since the date of the accident except clean the dirt out of it; that the switch was in the same condition on the date of the trial that it was on the date of the accident; that there had not to his knowledge been a derailment at this switch since the date of plaintiff's injury; that he did not think there could be a derailment at this switch without him knowing it, because the wheels of the derailed car would cut the pavement or asphalt so you could see it.

Plaintiff called witness in rebuttal who testified that they saw other derailments at this switch shortly after plaintiff's injury and saw men working on the switch.

The petition pleads general negligence, and plaintiff seeks to invoke the doctrine of *res ipsa loquitur*. The charging part of the petition is as follows:

"That on the 5th day of August, 1925, plaintiff was in the employ of defendant company as a conductor on its street cars, and whilst in the performance of his duties as conductor for said company on that day, and whilst riding upon a trailer attached to a motor car, running along and over defendant's said Union line, and whilst in the discharge of his duties as conductor of said trailer car of defendant, said car upon which plaintiff was conductor aforesaid, was, by reason of the negligence of defendant, and without fault or negligence on his part, derailed and caused and permitted to leave the track, by reason and as a direct result whereof plaintiff was hurled, jerked and thrown against the parts of said car, and then and thereby seriously, painfully and permanently injured as follows:"

The answer was a general denial.

Plaintiff's instruction No. 1, on which the case was submitted to the jury, reads as follows:

"The court instructs the jury that if you believe and find from the preponderance of the evidence that on the occasion in question plaintiff was in the employ of defendant and in the performance of his duties for defendant as a conductor on its street car and that said street car was derailed and caused to leave the track and that plaintiff was injured thereby, you must find for the plaintiff and return a verdict in his favor unless you further believe and find from the evidence that defendant could not by the exercise of ordinary care on its part have prevented the derailment of said street car."

Plaintiff plants himself squarely on the doctrine of *res ipsa loquitur*. If the pleading and proof does not bring the case within this doctrine, the judgment cannot be upheld.

Some cases in Missouri, make the statement, without qualification, that the doctrine of *res ipsa loquitur* has no application to a master and servant case. Other Missouri cases hold the contrary doctrine. It is now well settled that the doctrine does apply to master and servant in a case where the facts warrant its application. [Gilbert v. Railroad, 148 Mo. App. 475, 485; Klebe v. Distilling Company, 207 Mo. 480, 491; Sabol v. St. Louis Cooperage Co., 282 S. W. 425, 430, 431.]

Appellant takes the position that the doctrine of *res ipsa loquitur* never applies in a master and servant case except in cases where the servant's injury is caused by the action of some intricate machinery or instrumentality under the exclusive control and direction of the master, and where the servant has no knowledge of the intricate mechanism of such instrumentality and no means or opportunity of acquiring such knowledge. Appellant also contends that in order to state a cause of action under the *res ipsa loquitur* doctrine in a master and servant case, the petition must allege in connection with the happening of the occurrence which caused the injury, a state of facts bringing the case within the rule stated.

Based on this contention, appellant earnestly insists that the petition in the case at bar wholly fails to state a cause of action in that it fails to allege a state of facts showing that plaintiff's injury was caused by the action of some intricate instrumentality under the control and direction of defendant and that plaintiff had no knowledge of the condition or manner of operating such instrumentality and had no means of acquiring such knowledge.

We are not impressed with this contention. The sufficiency of the petition was not challenged in the trial court. The point cannot be made here for the first time unless the petition wholly fails to state a cause of action. Where, as here, a petition alleges general negligence, it states a cause of action and specific acts of negligence

are admissible under such a petition. [Price v. Metropolitan Ry. Co., 220 Mo. 435, 119 S. W. 932; Loftis v. The Street Railway Co., 220 Mo. 470, 119 S. W. 942; Wolven v. Traction Co., 143 Mo. App. 643, 648.]

Whether or not the plaintiff made a case on the proof, is a different question. This we take next. We approach the discussion of this point in the light of the fact that there is no presumption of negligence in favor of the plaintiff as in cases of passengers against carriers. In passenger cases proof of the occurrence may or may not show negligence. If such proof does not show negligence, then the presumption of negligence comes to the aid of the passenger. Not so in master and servant cases. In such cases if the occurrence does not carry the imputation of negligence on its face, unaided by a presumption of negligence, no case is made. The law governing this class of cases is clearly stated by this court, speaking through ELLISON, J., in Hamilton v. Railroad, 123 Mo. App. 619, 623, as follows:

"There is, however, authority based on the best of reason, showing that the servant's case may be made out by mere proof of the occurrence which caused the injury in those instances where the occurrence itself, without the aid of a presumption, shows negligence. In case of a passenger, as we have seen, the occurrence itself may not show negligence and the presumption comes to his relief. But, in the servant's case, if the occurrence is of that nature, which, of itself, shows negligence without the aid of a presumption, he may, as just stated, make a case by showing the occurrence only."

In Shuler v. Railroad, 87 Mo. App. 618, the plaintiff, a servant was permitted to make out his case by mere proof of the occurrence causing his injury. The facts showed the plaintiff was in the employ of defendant and was engaged with others in taking out old rails and putting in new ones in defendant's line of road. In the performance of this service it was necessary for plaintiff, with others, to ride over defendant's road on one of its work trains. That while being transported over the road the train upon which he rode came in collision with another train upon the same track, whereby he was injured. In disposing of the contention made that mere proof of the collision, between the two trains was negligence on defendant's part unless explained or properly excused by it, ELLISON, Judge, said:

"The most serious objection to the trial in the circuit court arises from the plaintiff's second instruction. The effect of that instruction is to inform the jury that the mere fact of collision between the two trains was negligence on defendant's part unless explained or properly excused by it. The rule is that when an accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar

cases, it will be presumed to be negligent. [Patterson Ry., Acc. Law, sec. 375; Transportation Co. v. Downer, 11 Wallace, 129.] This rule applies to a collision between railway trains. [Railway Co. v. Mowery, 36 Ohio St. 418; Railroad v. Allbritton, 38 Miss. 242.]''

The case of St. Clair v. Railroad, 122 Mo. App. 519, is, we think, directly in point here. The plaintiff was in the employ of defendant as tool house foreman and was frequently out on the line of defendant's road in the discharge of his duties. At the time in question after finishing his work in connection with a wreck on defendant's road, he together with other employees, at the instance and direction of the foreman took passage in the caboose of one of defendant's trains for his headquarters in St. Louis. While on said train it collided with another train and he was injured and brought suit to recover therefor. In disposing of this case the St. Louis Court of Appeals said:

''As stated, the plaintiff made no proof of negligence other than the mere fact of the collision itself and the defendant complains of the application of the principle *res ipsa loquitur* asserted in the instruction quoted. It is insisted that the proposition contained in the instruction to the effect that the jury were authorized to find the defendant was negligent from the mere fact of the collision, and that it did not devolve upon the plaintiff to prove more in that regard than such collision, upon the proof of which, the burden shifted to the defendant to acquit itself, etc., is an erroneous declaration of law in this case between master and servant. . . . Now the doctrine, *res ipsa loquitur*, is applicable where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised (Labbatt, Master and Servant, sec. 834), and we are aware of no principle in the law of master and servant which conflicts with its application to the case of a servant not at fault and in no manner connected with the operation of either of the colliding trains. The very learned counsel has wholly failed to point out any sufficient reason why the doctrine of the instruction in this respect is either obnoxious or unjust when applied under the circumstances mentioned to the case of such servant who, without fault on his part, insofar as the collision is concerned, is rightfully upon one of the colliding trains and injured. We think the doctrine was rightfully applied to the facts in proof.''

The case of Mayne v. Kansas City Railway Co., 287 Mo. 235, is on ''all fours'' with the case at bar. There the plaintiff had gone to a point on Lexington street in Independence, Missouri, for the purpose of taking passage on defendant's street car. The switch connecting the track coming in from Orange street with Lexington street was thrown and the motorman attempted to back the car eastward on the track on Lexington street. The rear trucks of the

car passed on east, but the switch then became "split," as it was termed, so that the front trucks of the car instead of going east, turned northward as if to pass onto the track on Orange street. That caused the front end of the car to swing around in a sweep towards the curb on the north side of Lexington street and against a crowd of persons awaiting to take passage. Plaintiff was struck by the car and injured. Contention was made that the doctrine of *res ipsa loquitur* did not apply to the case. In disposing of the case the Supreme Court said,

"It is claimed by appellant that this is not a *res ipsa loquitur* case, and that the instruction is erroneous in declaring the plaintiff's case is made out by showing the injury took place by the movement of the car, without showing specific negligence. It is further urged that the instruction is faulty, because it assumes that the plaintiff was a passenger.

"As to the last objection, the instruction only requires the jury to find that plaintiff went to the usual place for receiving passengers intending to become a passenger. It neither assumes that fact nor requires it to be found; nor does it matter whether the plaintiff was a passenger or not in determining whether the doctrine of *res ipsa loquitur* would apply. . . .

"Here the street car took a most unexpected course, the back wheels going as they were intended to go and the front wheels veering off by reason of the split switch and causing an unusual and dangerous movement of the car. This was a movement that could not have happened except for some defect in the track or car, or some negligence in its management. The machinery and all appliances were peculiarly within the knowledge of the defendant and the defendant was charged with the burden of explaining. Defendant produced several witnesses for the purpose of showing that the track, the car, and the wheels were in good condition, but offered no evidence to show exactly what caused the split switch and the consequent erratic movement of the car. Therefore the instruction if technically incorrect was harmless."

Boiled down our view of this case is as follows: The petition alleges that the car upon which plaintiff was riding in the performance of his duties, was by reason of the negligence of defendant, and without fault or negligence on his part, derailed and caused and permitted to leave the track. This is a general allegation of negligence and states a cause of action. This petition, unchallenged, is sufficient after verdict. In making his case, plaintiff may not rely on a presumption of negligence, but must prove a state of facts showing that defendant was negligent. The evidence shows a peculiar, unusual and dangerous movement of the car at the time it was derailed. The motor car passed over the switch and on northward on Third street. The trailer car on which plaintiff was riding sud-

denly turned to the northwest into Michel street, leaving the track. As said in Mayne v. Kansas City Railways Co., supra, "This was a movement that could not have happened except for some defect in the track or car, or some negligence in its management." This being true, evidence of the unusual and unexpected movement of the car on which plaintiff was riding is *proof of defendant's negligence* and makes a case for plaintiff, unaided by a presumption of negligence. Plaintiff testified that he had nothing to do with the running of the car or the operation or control of it. He also testified that if the cars and track had been in good condition, and the cars operated at a reasonable rate of speed, the trailer would not have been derailed. Defendant offered evidence tending to show that the track and cars were in good condition and that the cars were operated at a reasonable rate of speed, but offered no evidence to show what caused the derailment.

In this case plaintiff is not required to exclude every possible cause of the derailment, except that of defendant's negligence. The correct rule is stated in Fleishman v. Ice & Fuel Co., 148 Mo. App. 117, 125, as follows:

"We do not understand the rule to be that the negligence of a defendant can be inferred as the cause of an accident from the facts of the occurrence only when all other possible causes are excluded. It is conceivable in practically every instance the accident might, within the range of possibility, have been due to something else. If the instrumentality which did the damage was under the management of a person, and the accident was such as does not happen in the ordinary course of events if the instrumentality which caused it is handled with due care, the inference of negligence may be drawn from the testimony. [Dougherty v. Railroad, 81 Mo. 325; Shuler v. Railroad, 87 Mo. App. 623; 2 Cooley, Torts (4 Ed.), 1424.]"

Appellant contends that the court erred in giving instruction No. 1, which permitted a recovery on proof of the derailment and injury, without negligence on plaintiff's part, and in refusing instructions "G" and "H" to the effect that there was no evidence of defendant's negligence. Our holding that proof of the derailment, unexplained, justifies the inference that defendant was negligent, necessitates ruling this contention against appellant.

We find no reversible error in the record and therefore affirm the judgment. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.