O. D. TAYLOR, Appellant, v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY, a Corporation.—63 S. W. (2d) 69.

Division Two, August 12, 1933.*

*NOTE: Opinion filed at October Term, 1932, April 20, 1933; motion for rehearing filed; motion overruled June 24, 1933; motion to transfer to Court en Banc filed; motion overruled at May Term, June 24, 1933.

*C. O. Inman, Elliott W. Major* and *James A. Rector* for appellant.

*Charles A. Houts* for respondent; *H. N. Quigley* and *S. W. Baxter* of counsel.

654

COOLEY, C.—This is an appeal by the plaintiff, Taylor, from an order of the Circuit Court of the City of St. Louis sustaining the defendant's motion for new trial. The case comes to the writer on reassignment. We shall refer to the parties as plaintiff and defendant respectively.

The suit was brought under the Federal Employers' Liability Act to recover for personal injuries sustained by the plaintiff on December 5, 1925, while engaged in performance of his duties as conductor on a through freight train of defendant's running eastward from East St. Louis to Mattoon, Illinois. Plaintiff and defendant were engaged in interstate transportation. Plaintiff's injuries resulted from the sudden and violent stopping of defendant's train at or near Venice, Illinois. Plaintiff was at the time seated at a table in the caboose making out reports in the line of his duty. The train was stopped by the engineer with such suddenness and violence that the table at which plaintiff was seated, which had been securely fastened to the wall of the caboose, was torn loose and other fixtures in the caboose, such as the stove, water cooler, stationery cabinet and coal box, all of which had been securely fastened to the walls or floor of the car were torn loose from their fastenings and hurled forward toward the east end of the car. A brakeman who had started out of the rear door was hurled to the east end of the car. Some cattle in the car ahead of the caboose were killed. Witnesses testified that they had never seen such damage caused by the stopping of a train except, perhaps, in cases of head-on collisions. Plaintiff's evidence tended to show that he was thrown violently against the table at which he sat, his head striking a cabinet on the opposite side thereof, and was also struck by some of the equipment of the caboose loosened from its moorings by the sudden stop, and that he sustained serious and permanent injuries. He recovered a verdict for $33,000. Since this appeal presents no question as to the sufficiency of the evidence to sustain the verdict nor as to the amount of the verdict it is unnecessary to make a detailed statement of the evidence.

The verdict was returned and judgment thereon for plaintiff was rendered on November 21, 1928, at the October Term of the court. On November 22, within the statutory time after verdict and judgment, defendant filed its motion for new trial which, however, was not acted upon by the court at that term. At the succeeding December Term and on January 4, 1929, defendant filed a motion to set aside the verdict and judgment on the ground that a witness for plaintiff, one Joseph R. Hall, *alias* Joe McFarland, had given false and material testimony at the trial, with the knowledge and by

procurement of plaintiff, knowledge of which fact had first come to defendant after the close of the October Term of court. With this motion defendant filed the affidavit of Hall admitting and going into detailed statement of his alleged perjury and plaintiff's alleged instrumentality in procuring it. Plaintiff filed a motion to strike from the files defendant's said motion of January 4 and Hall's affidavit on the ground, among others, that they were not filed within four days after verdict and judgment and not until after the close of the term at which verdict and judgment were rendered. All those motions, including that for new trial, went over to the April, 1929, term of the court.

At said April Term the court sustained plaintiff's motion to strike from the files defendant's motion of January 4, but overruled it as to Hall's affidavit, and sustained defendant's motion for new trial on the ground of Hall's alleged perjury and plaintiff's alleged complicity therein. Later at that term the court, by another order, rescinded those rulings and reinstated all of the motions as they had stood at the close of the December Term and gave plaintiff leave to file affidavits in opposition to that of Hall. No further rulings were made by the court on the motions at the April Term. During the succeeding June Term plaintiff filed his own and eight other affidavits in denial of that of Hall and defendant filed some fourteen additional affidavits in support of its motion of January 4.

Thereafter, at said June Term, having seen and considered the affidavits on file, the court sustained plaintiff's motion to strike from the files defendant's motion of January 4, in so far as it related to said motion, overruled it as to Hall's affidavit, leaving that instrument on file, and sustained defendant's motion for new trial on the ground, stated of record, that Hall had committed "perjury and fraud" at the trial, induced thereto by plaintiff. That was not one of the grounds for new trial alleged in defendant's motion. Plaintiff appealed from the order sustaining the motion for new trial.

I. It is conceded that the ground upon which the court sustained the motion for new trial was not included in said motion and the question chiefly stressed on this appeal is whether the court had authority at a term of court subsequent to that at which verdict and judgment were rendered to sustain a motion for new trial or to grant a new trial upon a ground not suggested in the motion, when the motion for new trial had been filed at the trial term within the statutory time and continued to the subsequent term. Defendant insists that the question is one of jurisdiction to act at the subsequent term and that the timely filed motion for new trial carried over the whole case, giving the trial court the same and as full jurisdiction at the subsequent term to set aside the verdict and judgment and grant a new trial as it had at the judgment term. Plaintiff

contends that the court's authority so to do is limited to the grounds contained in the motion for new trial.

 It is well settled and is conceded that the circuit court in the exercise of a sound discretion, has the inherent power to set aside a judgment during the term at which it is rendered and grant a new trial, *ex mero motu*. That power is not dependent upon the timely filing of a statutory motion for new trial nor limited to the grounds stated in such motion if filed. [See Gray v. Missouri Lumber & Mining Co. (Mo.), 177 S. W. 595; Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422; Beer v. Martel, 332 Mo. 53, 55 S. W. (2d) 482.] But such inherent common-law right of the court of its own motion or upon the mere suggestion of a party to set aside a judgment and grant a new trial expires with the close of the judgment term. [Cases cited supra; also State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916; Sutton v. Anderson, 326 Mo. 304, 322, 31 S. W. (2d), 1026.] The court's power to set aside a judgment and grant a new trial at a term subsequent to the judgment term must therefore rest upon or result from statutory authority. The statute provides for the filing of motions for new trial and expressly limits the time within which they must be filed. [Secs. 1002 and 1005, R. S. 1929, 2 Mo. Stat. Ann. pp. 1264, 1272.] The statute fixing the time within which the statutory motion for new trial must be filed has been repeatedly held to be mandatory and a motion not filed within that time cannot be treated as a motion for new trial, operates merely as a suggestion to the court, and if not acted upon during the judgment term does not have the effect of carrying the case over to a subsequent term so as to confer upon the court jurisdiction to act at the subsequent term. [See State ex rel. Conant v. Trimble, supra.] Many more cases to the same effect might be cited but that question is now too well settled in this State to require further citation of authorities. We do not understand that defendant contends otherwise. Its contention is that where a statutory motion for new trial has been timely filed and has not been acted upon by the court at the judgment term the *whole case* is carried over regardless of the grounds stated in the motion and that at the subsequent term the court has jurisdiction to grant a new trial on any ground, whether included in the motion or not, upon which, in the exercise of its inherent common-law power, it might have set aside the judgment and granted a new trial at the judgment term.

We cannot agree with defendant in this contention. Since the statute provides for motions for new trial, if such motion is filed and the court continues the hearing of it to a subsequent term it is logical to hold that at such term the court may still hear and determine the motion. Otherwise a party, without fault on his part, might be denied the relief the statute was designed to give him and the purpose of the statute be defeated. But it does not follow that

the motion carries over grounds of exception or grounds for setting aside the judgment, not included in the motion. That it does not do so was expressly ruled, and we think correctly, by Division One of this court in Gray v. Missouri Lumber & Mining Co., supra, wherein the court said that upon the lapse of the term at which verdict and judgment were rendered "the court loses all jurisdiction over the verdict or judgment . . . except where a statutory motion for new trial was filed during the term, and has been regularly continued to a subsequent term, in which event the court may act upon the motion, and grant a new trial for the causes therein stated, but cannot then exercise its common-law power, for that expired with the adjournment of the judgment term." [177 S. W. l. c. 596.]

The Gray case was approved on that point by the court en banc in Smith v. K. C. Pub. Serv. Co., 328 Mo. 979, 993-4, 43 S. W. (2d) 548, and in Sutton v. Anderson, 326 Mo. 304, 322, 31 S. W. (2d) 1026, 1032, and by Division One in Beer v. Martel, supra. In the Sutton case the same contention was made as is made here, viz., that a motion for new trial timely filed and continued to a succeeding term carried over the original judgment "so that this judgment was as much in the breast of the court at the succeeding term as it was at the preceding (judgment) term." This court en banc denied the contention. In Beer v. Martel, this court defined the authority of the trial court to act at a term subsequent to the judgment term, thus:

"Where, as in this case, a motion for new trial was timely filed at the trial term but not acted upon at that term, all matters contained in the motion were preserved in the breast of the court, and the court had the same power regarding such matters as it had at the trial term. Otherwise stated, the authority of the court to grant a new trial at a term subsequent to the trial term is as broad and comprehensive as at the trial term, except that at the subsequent term, matters over which such power may be exercised are limited to the grounds contained in the motion."

For like rulings in other cases see Central Liberty Trust Co. v. Roy, 212 Mo. App. 680, 245 S. W. 1085; Herbert v. Hawley (Mo. App.), 32 S. W. (2d) 1095; Inzerillo v. Chicago, B. & Q. Railroad Co. (Mo. App.), 35 S. W. (2d) 44; Thurman v. Wells (Mo. App.), 251 S. W. 75. See, also, for discussion of principle, State ex rel. Iba v. Ellison, 256 Mo. 644, 165 S. W. 369. In the latter case a motion for new trial had been filed by the defendant and later in the same term, but more than four days after verdict, the defendant filed "suggestions," charging that a witness for the plaintiff had committed perjury at the trial, and also filed affidavits tending so to show. The court said that the suggestions and affidavits amounted to no more or less than newly discovered evidence and should not have been considered by the court in passing upon the motion for new trial. Under the ruling in that case the affidavits filed in the

instant case should not have been considered since they did not support any ground for new trial contained in the motion therefor and were filed after the judgment term when the court no longer had jurisdiction to act of its own motion.

Defendant cites in support of its contentions Sutton v. Anderson, supra; Ricketts v. Finkelston (Mo. App.), 211 S. W. 390; McGurry v. Wall, 122 Mo. 614, 27 S. W. 327; Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073; State ex rel. Conant v. Trimble, supra; Nogalski v. Foundation Co. (Mo.), 199 S. W. 176; Parker v. Britton, 133 Mo. App. 270, 113 S. W. 259; Lamb v. Stubblefield, 245 S. W. 351; Lovell v. Davis, 52 Mo. App. 342; Leahey v. Dugdale, 41 Mo. 517, and authorities from other jurisdictions. The latter we need not notice. The question has been sufficiently considered and has been determined by the decisions of our own courts. Of the Missouri cases cited, Sutton v. Anderson and State ex rel. Conant v. Trimble, are against rather than for defendant. In Parker v. Britton, supra, there is a general observation, without discussion, to the effect that the court may at a subsequent term go outside the grounds stated in the motion for new trial, citing two cases in which, however, the motions had been determined at the judgment term. And the Parker case is necessarily overruled on that point by the later contrary decisions of this court above cited. In some of the other cases general language is used which is thought by defendant to support its contention, but which when read in the light of the facts and issues under consideration is not authority for so holding. The question now under consideration in this case was not being considered in those cases. Moreover, the latest decisions of this court, as above pointed out, and which expressly rule upon the point, hold the contrary. This point must be and is ruled against defendant.

■ II. Defendant further urges that if the court's action in granting a new trial cannot be sustained on the ground stated by the court it may be on either or both of two other grounds, both of which are contained in the motion, viz., (a) that the petition does not state a cause of action, and (b), error in plaintiff's Instruction No. 1. It is the established rule in this State that where the court, as required by statute, states the ground upon which it sustains a motion for new trial, such ruling is treated in effect as overruling the motion as to other grounds therein stated, and if the respondent seeks to uphold the trial court's action in sustaining the motion on grounds stated in the motion other than those upon which the court sustained it he must point out such other grounds and show that the court's action should be sustained therefor notwithstanding it cannot be sustained on the ground stated by the court. [Smith v. K. C. Pub. Serv. Co., supra.] With this rule in mind we proceed to examine the two grounds suggested by the defendant.

■■ (a) The second amended petition, on which the case was tried, alleged that while plaintiff was riding in the caboose, the usual and customary place for him to ride, "the train was suddenly, violently and negligently stopped with unusual, extraordinary and violent force, and which sudden, unusual, extraordinary, violent and negligent stop threw plaintiff against the table," etc. It further alleged that plaintiff had no control over the starting and stopping of the train and had no knowledge or information of the cause of said sudden, unusual and violent stop, which information was peculiarly within the knowledge of defendant, and that plaintiff's injuries were caused in whole or in part by the negligence of defendant "in causing or permitting the train to be stopped . . . with unusual, sudden, extraordinary and violent force as aforesaid." Defendant contends that said petition does not state facts showing negligence in view of the fact, pleaded in the petition, that the train was a freight train upon which plaintiff was conductor. Defendant argues that "it is common knowledge, recognized by the court, that freight trains . . . make violent stops." The contention seems to be that plaintiff should have pleaded the negligence relied on more specifically, although he pleaded that for want of information which defendant alone possessed, he could not do so.

Said second amended petition was not challenged by demurrer or otherwise before the trial. At the trial defendant objected *ore tenus* to the introduction of any evidence on the ground that the petition failed to state a cause of action because it did not allege that the suddent stop was "without sufficient cause." Such objection "will not reach mere uncertainty or indefinitness of averment, or the defect of pleading legal conclusions." [State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, 283, 169 S. W. 145; Cushulas v. Schroeder & Tremayne, 225 Mo. App. 567, 22 S. W. (2d) 872.] In such case, if the petition states a cause of action, though defectively, and is sufficient to sustain a judgment after verdict it is good as against an attack made for the first time by objection to the introduction of evidence at the trial. And in such case even though the petition omits the averment of some fact without proof of which a verdict should not be given, if the case has been tried and the fact proved as though such fact had been averred, the omission will be cured after verdict by the Statute of Jeofails. [Sec. 1099, R. S. 1929, 2 Mo. Stat. Ann. p. 1388; Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330.] In the instant case defendant introduced in defense evidence tending to show that the sudden stop was an emergency stop necessary to avoid striking an automobile which drove upon a road crossing immediately in front of the approaching train, therefore not negligent. Plaintiff's evidence, introduced without objection that it was not within the pleadings,

tended to show that the stop was not made at the road crossing and that the sudden and violent stop was unnecessary.

In State ex rel. Hopkins v. Daues, 319 Mo. 733, 6 S. W. (2d). 893, it is held that a general charge of negligence in a petition or answer is sufficient unless such pleading is properly assailed before verdict for want of definiteness. In Cushulas v. Schroeder & Tremayne, supra, a petition less definite than the one in this case was held sufficient after verdict. A number of decisions of this court and our Courts of Appeals are there reviewed. On certiorari this court declined to quash the opinion of the Court of Appeals. [State ex rel. Schroeder & Tremayne v. Haid, 328 Mo. 807, 41 S. W. (2d) 789.] In the latter decision it is said that if the petition specifies the act, the doing of which caused the injury, and avers generally that it was negligently done it is sufficient after verdict. [See, also, to like effect Kenyon v. St. Joseph Ry., etc., Co., 221 Mo. App. 1014, 298 S. W. 246, a master and servant case; Price v. Metropolitan St. Ry. Co., 220 Mo. 435 (en banc), 119 S. W. 932; Briscoe v. Met. St. Ry. Co., 222 Mo. 104, 120 S. W. 1162; Bergfeld v. K. C. Rys. Co., 285 Mo. 654, 227 S. W. 106.] And where a petition alleges general negligence a recovery may be had on proof of specific acts of negligence coming within the general allegation. [Bergfeld v. K. C. Rys. Co., supra; Kenyon v. St. Joseph Ry., etc., Co., supra.] The evidence developed that the negligence in this case, if any, was that of the engineer in charge of the train and the case was submitted to the jury on that theory. Such negligence was within the general allegations of the petition. We think there can be no question but that the petition is sufficient, at least since it was not challenged by demurrer or motion before trial.

(b) Plaintiff's Instruction No. 1 directed the jury on the question of negligence that if it found "that the engineer in charge of said train unnecessarily, suddenly, unusually, violently and negligently stopped said train with unusual, extraordinary and violent force, and that the sudden, unusual, extraordinarily and unnecessarily violent stop, if it was so stopped, directly caused plaintiff to be injured, if injured; and if you further find from the evidence that the sudden, *unnecessary*, unusual and extraordinarily violent stop, if it was so stopped, was negligence on the part of the defendant as that term is defined in these instructions, and that plaintiff's injuries, if any, were directly caused in whole or in part thereby, then your verdict will be for plaintiff." (Italics ours.) Defendant's criticism of this instruction is that it submitted to the jury an issue not presented by the petition, viz., whether the stopping of the train was "unnecessary;" also that the instruction left the jury without guidance from the court as to the meaning of the word "unnecessary" as applied to the facts shown by the evidence. Relative to the latter objection it is sufficient to say that if there was

fault in the instruction in that respect it was nondirection rather than misdirection and the omission was supplied by instructions given at defendant's request which sufficiently explained how the term should be applied. There was no prejudicial error in the instructions as a whole in that respect.

Neither do we think the word "unnecessary" as used in the instruction broadened the issues presented by the petition. As we have pointed out in paragraph II(a), the allegations of negligence in the petition were somewhat general. Defendant contended and introduced evidence tending to prove that the stop was an emergency stop necessary in order to prevent striking and injuring the automobile driver who, defendant claimed. drove onto the track immediately in front of the train, and therefore was not negligence, and it asked and obtained instructions on that theory. Plaintiff's evidence tended to show that the stop was not made at the road crossing but at a railroad crossing a short distance west thereof where defendant's train was required to stop but where, under the circumstances, a sudden and violent stop such as that shown was not called for. The question of whether such sudden and violent stop was necessary had a bearing on the question of whether it was negligent. Moreover, defendant asked and obtained instructions telling the jury in substance that it was the engineer's duty to take every reasonable precaution to avoid striking persons or property suddenly getting upon the track and if the jury found that the engineer "did only what was reasonably necessary" to avoid striking the automobile the finding should be for the defendant; also that plaintiff assumed the risk "of such sudden and violent stops as were reasonably necessary to prevent destroying life and property which suddenly . . . might get upon the track." So that if there was error in plaintiff's instruction in this respect, and we think there was not, defendant's instructions and the whole theory of its defense contained the same vice. It is too well settled to require citation of authorities that a party will not be heard to complain of alleged error in which, by his own conduct at the trial, he joined or acquiesced. But we think the question of whether the sudden stop was reasonably necessary was an element of the case as pleaded and tried.

The trial court was clearly correct in refusing to sustain the motion for new trial on the grounds therein contained which are now urged as sustaining the order setting aside the verdict and granting a new trial.

We have not set out the affidavits upon which the trial court found that Hall had committed perjury at the instigation of plaintiff. In view of our conclusion it is needless to do so. It may be stated that plaintiff in his affidavit stoutly denied any knowledge of the alleged falsity of Hall's testimony and any improper motive or conduct on

his own part and was corroborated in the other affidavits he filed by some circumstances and a showing of good character. But the affidavits filed by defendant tended to sustain the court's finding on that question and if that issue could properly be considered here we would not feel justified in disturbing the court's finding of the facts. That being true, the situation presented is one in which we would gladly sustain the lower court's action if possible. But we cannot in order to grant redress in this particular case ignore or disregard established rules of law and practice, which we believe have been correctly declared in the decisions we have cited. To do so would, in our judgment, not only be to apply unsound principles but would tend to breed confusion and uncertainty in the law. It results that the order of the circuit court setting aside the verdict and judgment and granting a new trial herein must be and it is reversed and the cause is remanded with directions to the circuit court to set aside said order and reinstate the verdict and judgment as of their original date. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.