W. A. WARDEN, RESPONDENT, v. LUTHER SOUTHARDS, APPELLANT.—
187 S. W. (2d) 510.

Springfield Court of Appeals.   May 2, 1945.

*Green & Green* for appellant.

694

G.·W. *Rogers* and *Paul Boone* for respondent.

FULBRIGHT, P. J.—This is an appeal from the order of the Circuit Court of Douglas County granting plaintiff a new trial in an injunction proceeding.

In January, 1941, W. A. Warden filed a petition consisting of two counts in the Circuit Court of Ozark County against Luther Southards. In the first count of the petition plaintiff alleged that he had a private road by perscription across defendant's land; that defendant was obstructing said road and plaintiff prayed for injunctive relief and for $100 damages.

In the second count he. alleged that he is the owner of certain lands adjoining that of defendant; that there is a road leading from his residence across defendant's lands to Bryant Creek; that he had used said road for more than ten years and had an easement therein; that defendant had obstructed same to the irreparable damage of plaintiff; that by reason thereof· he had been forced to abandon said road and damaged in the sum of $100. Prayer was for a mandatory injunction and for $100 damages.

A change of venue was granted to Douglas County where it was finally tried at the September Term, 1942, resulting in a verdict and judgment for plaintiff on the first count and for defendant on the

second count of plaintiff's petition. Motion for a new trial was timely filed and continued to the next regular term of said court, at which time the motion was overruled. Whereupon defendant immediately filed a motion for assessment of damages by reason of dissolution of the injunction on the second count of plaintiff's petition, in which motion he alleged that by reason of said mandatory injunction on the second count he was damaged in the sum of $200. The cause was continued from time to time until the September Term, 1943, when it was tried before a jury resulting in a verdict in favor of defendant for damages in the sum of $100.

Thereupon plaintiff filed a motion for a new trial and the matter was continued on motion to the January Term, 1944, at which time the Court made an order holding that in his opinion damages were excessive in the sum of $65 and if defendant Southards would remit said sum the motion would be overruled; otherwise it would be sustained. Defendant refused to file a *remittitur* and motion for new trial was sustained. From this judgment defendant appeals.

Defendant's Assignment of Errors are as follows:

"A. The Court erred in granting a new trial in this cause on the ground the verdict returned by the jury was excessive . . .

"B. The motion for new trial having been passed upon at a term subsequent to the term when the verdict was returned the Court had no authority to grant a new trial on a ground not stated in the motion . . .

"C. Under the law and the evidence the trial court acted arbitrarily and unreasonably in granting a new trial in this cause and abused his discretion, if any, in so doing."

The sole question for this court to determine is whether or not the trial court erred in granting plaintiff a new trial. In considering the motion the trial court made and entered of record the following order:

"This being an action of damages on Injunction Bond and the verdict of the jury being for the sum of $100. The Court is of the opinion that such damage is excessive in the sum of $65 on property damage. Being of the further opinion that as the tract of land was unenclosed on a certain side except by a stream of water and property damage is excessive and which the Court finds "in the sum of $65 or near such amount is against the weight of the evidence, and if the Obligee of the bond, Mr. Southards, will remit the sum of $65 allowing the judgment to stand in the sum of $35, the motion for new trial will be overruled. If not, the motion will be sustained. The $35 item covering attorney fee and expenses of dissolving said injunction."

There is no charge in the motion for a new trial that the verdict is excessive. Nothing from which it could be inferred that plaintiff challenged the verdict as being excessive. The only allegation contained therein respecting the verdict is as follows: "Because under

the law and the evidence and upon the whole case the verdict was for the wrong party and should have been in favor of W. A. Warden.''

Such an assignment is insufficient to warrant review of the evidence ''to show the verdict was excessive or inadequate, or unsupported in any respect by evidence, or erroneous in any specific particular.'' [Masters et al. v. Bray, 85 S. W. (2d) 479, and cases cited therein.]

In the case of City of Kennett v. Katz Const. Co., 202 S. W. 558, 273 Mo. 279, it is held that authority on motion for new trial to order *remittitur* on account of excessive verdict is limited to cases where the jury find for more than the amount authorized by the pleadings, facts and instructions.

Here, defendant, in his motion, properly pleaded the damages sustained as a result of the temporary mandatory injunction which was later dissolved and asked for $200 damages. There is ample competent and substantial evidence to sustain the verdict of the jury and its verdict was within the limits fixed by the instructions.

The ground upon which the court granted a new trial, as indicated above, does not appear in plaintiff's motion for a new trial. Sustaining plaintiff's motion on grounds not within the scope of the assignments contained therein is tantamount to granting a new trial upon the Court's own motion. This the trial court was without authority to do at any term subsequent to the judgment term. The authority of the trial court to grant a new trial at subsequent term is limited to the grounds set up in the motion timely filed at the trial term, and in that respect his authority is as broad and comprehensive as at the trial term. [Beer et al. v. Martel, 55 S. W. (2d) 482; Taylor v. Cleveland C. C. & St. L. Ry. Co., 63 S. W. (2d) 69, and cases therein cited.]

Moreover, ''It is the established rule in this State that, where the Court as required by statute, states the ground upon which it sustains a motion for new trial, such ruling is treated in effect as overruling the motion as to other grounds therein stated, . . .'' [Taylor v. Cleveland C. C. & St. L. Ry. Co., *supra*.] Therefore, the inference may be drawn that where the trial court grants a new trial at a term subsequent to the judgment term on grounds not within the scope of the pending motion for a new trial his action should be treated as overruling the motion.

Plaintiff complains that the Bondsmen were not notified and that notice is essential where trial on motion to assess damages on injunction bond and judgment is had at a term subsequent to which the motion for damages was filed. In the instant case the jury rendered the following verdict: ''We the jury find the issues for the defendant, Luther Southard and we assess the damages in the sum of $100.'' If there is any merit in plaintiff's contention, failure to notify the bondsmen should not affect the judgment against the plaintiff who appeared and participated in the trial on the motion to assess damages.

The action of the trial court in sustaining plaintiff's motion for a new trial for the reasons stated in his order of record is overruled and the cause remanded with directions to the trial court to enter judgment in favor of defendant and against the plaintiff, W. A. Warden, in accordance with the verdict of the jury. *Blair* and *Vandeventer, JJ.*, concur.