EDWIN A. REED, Appellant, v. LAURA J. REED, Respondent.

St. Louis Court of Appeals, November 11, 1902.

1. **Divorce: GROUND FOR, INDIGNITIES: EVIDENCE.** Evidence of certain statements or admissions made by plaintiff's wife to him in the presence of his mother, were admissible.

2. ———: **HUSBAND AND WIFE: COMMUNICATIONS, WHEN ADMISSIBLE.** Declarations of husband or wife in the presence of a third party participating in the interview, eliminates the confidential nature of the communications, and renders them admissible in evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED.

*Walther & Muench* for appellant.

(1)   Communications between husband and wife, in the presence of a third party, are not privileged. Long v. Martin, 152 Mo. 674; State v. Center, 35 Vt. 378; Fay v. Guymon, 131 Mass. 31; Allison v. Barrow, 3 Colwell 417; Gallagher v. Williamson, 23 Cal. 331. (2) The first cause and reason of matrimony ought to be the design of having an offspring.   Bishop on Marriage, Div. and Sep., secs. 760; Ayliffe, Parer., 360. (3)   The appellate court should review all of the evidence and determine its weight and effect regardless of the finding of the trial court.   Waddingham v. Waddingham, 21 Mo. App. 609; Griesedieck v. Griesedieck, 56 Mo. App. 94; Crawford v. Spencer, 36 Mo. App. 86.

BARCLAY, J.—This is a suit for divorce brought by a husband as plaintiff, against his wife, on charges of alleged intolerable indignities, consisting of conduct in disregard of her personal duties as a wife, the particulars of which need not be more fully indicated at this time.

The petition states a cause of action for such indignities, and no question has been raised concerning its sufficiency.

The defendant is charged to be a non-resident of Missouri. She was personally served with process in the State of Rhode Island, pursuant to the Missouri code of procedure. R. S. 1899, sec. 582.

No appearance was entered on behalf of defendant, so a default was taken against her in due time. The case then came on for trial.

Plaintiff offered in evidence the testimony of his mother and of two physicians, which tended strongly to sustain his charges of some of the indignities alleged.

While plaintiff was testifying as a witness he attempted to put in evidence certain statements or admissions to him by his wife in support of his allegations of indignities. He asserted that said statements were made in the presence of his mother, but the learned trial judge rejected the offer and ruled that the testimony of the third person in whose presence said conversation between husband and wife occurred, should be produced. Plaintiff excepted to that ruling.

The plaintiff offered considerable evidence of his good character and conduct, and of his kind treatment of his wife. There was no testimony offered for defendant; but nevertheless the court dismissed the plaintiff's petition. In due time the plaintiff unsuccessfully took the usual steps for a review, and then brought this appeal.

1. The testimony of plaintiff tended strongly to sustain the allegations of the petition. We do not discover wherein its weakness consisted, but it seems not to have impressed favorably the learned trial judge, who adjudged it insufficient. In reaching that result he excluded the plaintiff's attempt to give an account of admissions by his wife in the presence of a third party, his mother, in support of the charges of his peti-

tion. That testimony was ruled out on the theory that it should come from the third party, and that the plaintiff was not competent to testify to such admissions, presumably under section 4656, Revised Statutes 1899.

The seal of silence which the law sets upon confidential communication between husband and wife does not rest upon declarations between them which are shared by a third person. To such declarations the rule of exclusion does not apply for the reason that the presence of a third party participating in the interview eliminates the confidential nature of the communications then interchanged. The first division of the Supreme Court has held that the husband is a competent witness to a business conversation with his wife in the presence of a third person. Long v. Martin, 152 Mo. 668. That ruling is in accord with general principles of the law of this subject as shown in judicial expressions elsewhere. Allison v. Barrow, 3 Cald. 417; Lyon v. Prouty, 154 Mass. 488.

We hold that the offer of the testimony in question should have been favorably entertained.

2. All proceedings in a divorce suit are to be conducted as those in other civil actions, except in certain respects where the statutes regulating divorce suits otherwise provide. R. S. 1899, sec. 2922. The rules concerning the introduction of testimony and the weight to be given to it when admitted are the same as those which govern the same topics in other cases. Where competent testimony is offered and is excluded and an adverse result ensues, the party affected by the ruling is entitled to the same relief on appeal in this class of cases as in other suits. The exclusion of the offer described was error in view of the ruling in the Long v. Martin case, above. The error is presumed to be prejudicial where it is not shown to be harmless.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.