**In re the MARRIAGE OF L_____**
**M_____, Petitioner, Respondent,**

**and**

**G\_\_\_\_\_ M\_\_\_\_\_, Respondent, Appellant.**

**No. 37444.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 21, 1976.

McIlrath, Black & Williams, Gary R. Black, Sr., Flat River, for respondent-appellant.

Maurice Graham, Fredericktown, for petitioner-respondent.

DOWD, Judge.

A custody dispute. The primary issue on appeal is whether the trial court's decree dissolving the marriage of the parties erred in granting custody of the only child of the parties to the mother, respondent herein. We affirm the judgment of the trial court.

Respondent filed a motion to dismiss the appeal contending that appellant's brief did not contain a fair and concise statement of the facts in violation of Rule 84.04(c). The motion is denied.

Only a brief summary of the facts is necessary. L_____ M_____ and G_____ M_____ were married on February 18, 1968. They have one child, a daughter, J_____ born July 30, 1968. The parties separated the day after Thanksgiving in November of 1974. L_____ M_____ admitted adulterous conduct in her pleading.

At trial it was adduced that L_____ M_____, age 26, was a registered nurse and was then employed at Mineral Area Osteopathic Hospital. She met Dr. D_____ in September 1974, and began dating him in October, 1974. They plan to marry following the dissolution of marriage.

■ It is within the sound discretion of the trial court to determine what is in the best interest and welfare of a child in a custody dispute. The court of appeals will not disturb a child custody decree of a trial court unless there has been an abuse of discretion or unless the court is convinced that the child's welfare requires some other disposition than that made by the trial court. *Larison v. Larison*, 524 S.W.2d 159, 160–61[1–2] (Mo.App.1975). The primary concern is the child's welfare. *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304, 306[4] (Mo.App. 1976). In a custody dispute the trial judge is frequently faced with the problem of selecting from two parents who have not lived up to high moral standards. He must select the better of the two parents with the sole aim being the best interest of the child. After reviewing the record, we find no reason to disturb the trial court's award of custody.

■ The mother's adultery does not alone mark her as unfit to have custody. It is the effect on the child, and exposure to unseemly conduct, which is the major consideration. *In re Marriage of Cook*, 532 S.W.2d 833, 837[9] (Mo.App.1975); *Klaus v. Klaus*, 509 S.W.2d 479, 481[9] (Mo.App. 1974). See also *L.H.Y. v. J.M.Y., supra*. Appellant places great emphasis on the fact that respondent and her paramour engaged in oral sexual relations. However, there is no evidence that the child had any knowledge of her mother's sexual conduct. The child stayed with her grandmother or her father on the nights her mother spent with the doctor. "We need not condone [respondent's] conduct to conclude it does not establish unfitness nor detriment to the child's welfare." *Klaus v. Klaus, supra*, at 481. And aside from acts of adultery which were not committed in the child's environment, there is no evidence that she is otherwise an unfit mother. She had been a fine parent and had taught her child many things, such as how to use eating utensils, distinguish colors, recite nursery rhymes, embroidery and helped her learn parts for school and church plays. In contrast, there is evidence that the child's father, who contends his wife's immorality renders her an unsuitable model for a child, is not himself a paragon of virtue. He would drink to excess prior to the marriage separation, and when intoxicated would become verbally and physically abusive. He confessed that on one occasion while intoxicated he probably urinated on a woman who was seated in an automobile. He contracted venereal disease while married. He has shoplifted and was disciplined in college for writing an obscene letter. These facts, plus the rebuttable presumption that a young child is better placed with its mother, *L.H.Y. v. J.M.Y., supra*, 535 S.W.2d at 307[7], lead us to affirm the decision of the court below.

Appellant further contends that respondent committed perjury on the witness stand and is thus incapable of teaching her child the importance of being truthful. We have examined the transcript for examples of perjury cited in appellant's brief and find there were none.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.