Elmer Carl BURTSCHER, Petitioner-Respondent,

v.

Edna A. BURTSCHER, Respondent-Appellant.

No. 38656.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 28, 1978.

E. D. Lofftus, Fenton, for respondent-appellant.

Joseph P. Cunningham, Hillsboro, for petitioner-respondent.

SMITH, Judge.

Appellant-wife appeals from a judgment dissolving the marriage of the parties. She attacks only the division of the marital property and the amount of maintenance awarded to her.

The thrust of the wife's attack on the division of marital property is that the court failed to give proper consideration to the conduct of the parties during the marriage and particularly the claimed misconduct of the husband. Specifically, the wife points to the evidence adduced that the husband near or after the time the parties separated undertook an adulterous relationship with another woman. The husband denied any misconduct, although admitting he did move into a mobile home owned and occupied by the other woman and her mother. He and the other woman stated he was only a boarder. The wife produced evidence of her good conduct throughout the marriage. She did admit to playing bingo four evenings a week from 6:00 to 11:30 while her husband was at home and over his protests.

One of the four non-exclusive relevant statutory factors in the division of marital property is the "conduct of the parties during the marriage." Sec. 452.330.1(4).

We have found no case which precisely delineates what this factor encompasses. Clearly, marital misconduct should not serve as a basis for ordering excessive maintenance against, or inadequate marital property to, the offending spouse. *In re Marriage of Powers*, 527 S.W.2d 949 (Mo. App.1975) [13, 14 (ftnt. 6)]. The conduct referred to is not limited to conduct relating to financial misdeeds. *Conrad v. Bowers*, 533 S.W.2d 614 (Mo.App.1975) [6]. Conduct encompasses both good conduct and misconduct, and is modified by the phrase "during the marriage". As pointed out in *Marriage of Schulte*, 546 S.W.2d 41 (Mo. App.1977) [6] "during" means "throughout the course or continuance of". It does not warrant an inordinate focus upon a particular incident of misconduct or even a series of incidents, particularly in a marriage of long duration. *Marriage of Schulte*, supra. It is unnecessary and probably impossible to lay down any precise guidelines for the weight to be given to the conduct factor. We believe the conduct factor becomes important when the conduct of one party to the marriage is such that it throws upon the other party marital burdens beyond the norms to be expected in the marital relationship. The thrust of the dissolution law is to treat the marriage as a partnership to which each spouse presumably contributes equally. When the misconduct of one party

changes that balance so that the other party must assume more than his or her share of the partnership load it is appropriate that such misconduct should affect the distribution of the property of that partnership. It is logical that if one party to the partnership has, because of the other's misconduct, contributed more to the partnership, he or she should receive a greater portion of the partnership assets.

We find nothing in the record here which demonstrates an abuse of discretion in the court's award of marital property. The husband's misconduct, if any, occurred near or after the parties' separation. It occurred during only a small portion of a 24 year marriage, and there is no indication it imposed any particular burdens upon the wife. The wife's bingo obsession, continued over the admitted objections of her husband, was also detrimental to the marital relationship and the partnership stability. The marital assets received by the wife although somewhat less than those received by the husband, were of more fixed value than those of the husband, who received the business assets, some of which were of dubious value. The trial court could properly find that the continued, albeit decreasing, success of the business required that it be awarded to the husband. The trial court to balance the award of the business assets to the husband, and in acknowledgment of the wife's contribution to those assets, awarded the wife a $20,000 cash judgment to be satisfied over a five year period. We find no abuse of discretion in the award of marital property.

We also find the court's maintenance award to be within its discretionary power. The wife's evidence established her reasonable needs to be in the range of $450 per month. Part of the marital property awarded to her was the family home free from debt. The court's award of maintenance was $50 per week. The husband's most recent annual net salary was slightly less than $20,000. The maintenance awarded plus the $4,000 per year marital property payment reduced this amount to $13,500. There was evidence that the husband's business is declining and will continue to do so.

Under Sec. 452.335.1 the court must determine the reasonable needs of the wife, that she has insufficient property to meet those needs, and that she is unable to support herself through appropriate employment. *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App. banc 1977). The wife is 49 years old, in reasonably good health, and has no children. While she has no formal employment training, she worked throughout the marriage as a bookkeeper and office helper in her husband's business. Between the date of separation and the date of trial, approximately 15 months, she made only two perfunctory efforts to obtain employment. This does not establish her inability to support herself through appropriate employment. Almost any employment in addition to the maintenance provided would be sufficient to meet the reasonable needs to which she testified. Her standard of living, both during the marriage and now, is modest. Although the maintenance awarded is not generous, we do not find it inadequate.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.