**In re MARRIAGE OF Louis C. FEHR, Respondent,**

**Karen Lynn Fehr, Appellant.**

**No. 39253.**

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 26, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

Shaw, Howlett & Schwartz, Robert W. Meyers, Clayton, for appellant.

John D. Flynn, St. Louis, for respondent.

GUNN, Presiding Judge.

Appellant-respondent, Karen Fehr seeks review of the property division ordered by the Circuit Court subsequent to her divorce from respondent-petitioner, Louis Fehr. Mrs. Fehr claims that the trial court's allocation of certain marital property to Mr. Fehr was excessive and unjust in light of the statutory criteria provided by § 452.330, RSMo Supp.1975. Finding no error in the trial court's order, we affirm.

Division of marital property pursuant to a dissolution proceeding is a matter within the confines of trial court discretion. *Eden v. Eden,* 558 S.W.2d 394 (Mo. App.1977); *Klinge v. Klinge,* 554 S.W.2d 474 (Mo.App.1977). Our review of the record will be limited to a determination of whether that discretion was abused. *Hebron v. Hebron,* 566 S.W.2d 829 (Mo.App. 1978); *In re Marriage of Badalamenti,* 566 S.W.2d 229 (Mo.App.1978); *Murray v. Murray,* 538 S.W.2d 587 (Mo.App.1976). The testimony indicates that both appellant and respondent had been continuously employed throughout their 3½ year marriage. At the time of the dissolution proceeding, Louis Fehr estimated his net salary at $8300–8600 per year. His wife testified that her net take-home pay was $257 every two weeks. During the first 2½ years, both parties contributed their earnings toward living expenses. Mr. Fehr paid approximately $1200 to satisfy Mrs. Fehr's car loan and also purchased most of the household furniture and furnishings. All of Mrs. Fehr's salary was placed in a joint checking account, and Mr. Fehr testified that he deposited approximately $1500 in that account over the period of their marriage. The remainder of his salary was held in a personal checking account. During their final year of marriage, Mrs. Fehr stated that she paid for all of the living expenses, except utilities and credit card installments, out of the joint account. Mr. Fehr contributed $100 to $150 a month to cover the latter expenses. At the time of their separation, the couple divided the $2600 deposited in their joint savings account.

Criteria to be considered by the trial court when disposing of marital property includes the contribution of each spouse to

the acquisition of the property, the value of property set aside for each, the economic circumstances of each spouse at the time of dissolution and the conduct of the parties during marriage. § 452.330.1, RSMo Supp. 1973. Mrs. Fehr styles the ultimate distribution as "at best" a 50–50 split and "at worst," a split nearer to 60% in favor of Mr. Fehr. She complains of instances of misconduct on the part of her husband: breaking items in the apartment, putting holes in the walls and doors, throwing clothes, striking appellant and refusing to consent to adoption when it was determined that she could not have children. Mr. Fehr's testimony was a general denial of such misconduct.

As Mrs. Fehr recognizes, the Dissolution of Marriage Act requires a just division of property, but not an equal one. *Seiner v. Seiner,* 552 S.W.2d 54 (Mo.App. 1977); *In re Marriage of Cornell,* 550 S.W.2d 823 (Mo.App.1977). Conduct is certainly a relevant factor in the determination of the distribution but is not the sole criteria. *In re Marriage of Carmack,* 550 S.W.2d 815 (Mo.App.1977). See also *In re Marriage of Schulte,* 546 S.W.2d 41 (Mo. App.1977). The factor becomes important when the actions of one party to the marriage are such as to throw marital burdens upon the other party beyond those to be expected in the marital relationship. *Burtscher v. Burtscher,* 563 S.W.2d 526 (Mo. App.1978).

> "The thrust of the dissolution law is to treat the marriage as a partnership to which each spouse presumably contributes equally. When the misconduct of one party changes that balance so that the other party must assume more than his or her share of the partnership load it is appropriate that such misconduct should affect the distribution of the property of that partnership. It is logical that if one party to the partnership has, because of the other's misconduct, contributed more to the partnership, he or she should receive a greater portion of the partnership assets." *Id.* at 527.

Our consideration of the entire record fails to demonstrate any misconduct so burdensome as to require adjustment of the distribution of the marital property as determined by the trial court. The trial court did not abuse its discretion in ordering the division, conceded by Mrs. Fehr to be considered within the "50–50" range.

Affirmed.

KELLY and REINHARD, JJ., concur.