**Janet Lee RISING, Appellant,**

v.

**Lowell Lamonte RISING, Respondent.**

**No. WD 31492.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Joseph Y. DeCuyper and Hsiang–Lin Lee, Kansas City, for appellant; Snowden & DeCuyper, Kansas City, of counsel.

Don Witt, Platte City, for respondent; Witt & Boggs, Platte City, of counsel.

Before PRITCHARD, P. J., SWOFFORD, J., and HOUSER, Senior Judge.

PRITCHARD, Presiding Judge.

In this suit wherein dissolution of marriage was decreed, the mother appeals contending that the court abused its discretion in the division of marital property, and the father appeals from that portion of the judgment granting custody of the minor children to the mother.

The parties were married on July 1, 1973. In June, 1978, the mother filed a first petition for dissolution which was dismissed, and a second petition was filed August 1, 1979, which resulted in the instant decree. Two children were born of the marriage, a daughter on February 12, 1974, and a son on May 7, 1976. The court awarded the mother $625.00 per month for the support of the children, and gave her their custody. The father was given visitation rights at reasonable times and places, but specifically to include alternate weekends; alternate holidays of New Year's, Easter, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas, every Father's Day, and for a period of three weeks during the summer months after reasonable advance notice to the mother.

The parties had this marital property: A residential home, estimated market value $85,000, encumbered with a mortgage of about $57,000; the father's profit sharing plan, $3,569; 1977 Oldsmobile Cutlass, $4,200; 1979 Chevrolet van worth $8,000, owed thereon $10,000; Tools $500; Paccar stock, no value or number of shares determined [but no issue is presented as to this matter]; sale of Paccar stock, 8.5 shares, $425; $200 bank account; undetermined amount of furniture, valued at $6,512; and the parties' respective retirement plans.

The trial court's division of property was basically as follows:

| Item | To Respondent | To Appellant |
|---|---|---|
| 1979 Chevrolet Van | $ 8,000 | $ – |
| 1977 Cutlass | – | 4,200 |
| Family home | 85,000 | – |
| Profit Sharing Plan | 3,569 | – |
| Bank Account balance | – | 200 |
| Furniture | 1,312 | 5,200 |
| Stock Proceeds | 425 | – |
| Tools | 500 | – |
| Total Assets Awarded | $98,806 | $9,600 |

| Item | To Respondent | To Appellant |
|---|---|---|
| Home Mortgage | ($57,000) | – |
| Note on Van | ( 10,000) | – |
| Unsecured Notes | ( 4,500) | – |
| Indebtedness-Credit Cards | – | ($ 620) |
| Total Liabilities | ($71,306) | ($ 620) |
| Adjusted Total | $27,306 | $8,980 |

The court set off to the parties their respective pension and retirement plans. The mother claims her award of $8,980, or about 25% of the marital property was unjust and inequitable.

The evidence is further that the father earned a gross income of $3,125 per month, and additionally, expected a $5,000 annual bonus. The mother's gross salary earned as a regional secretary was $950 per month, with a net take–home pay of $750 per month. Both contributed to the acquisition of the marital property, there being no showing of any separate property.

The mother admitted at trial, contrary to her pre–trial deposition testimony, that after she moved out of the family home with the children, a man had spent about two months in her apartment with her. There was no showing of any misconduct in the presence of the children.

The factors under § 452.330, RSMo 1978, as to a just division of the marital property are: (1) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker; (2) the value of the property set apart to each spouse; (3) the economic circumstances of each spouse; and (4) the conduct of the parties during the marriage. In this case, it appears that each party contributed to the acquisition of marital property, all of which must be so deemed. The income of the father (gross) was almost four times that of the mother.

Although the trial court is vested with broad discretion in the division of marital property, and the statute does not require it to make an equal division, *Arp v. Arp*, 572 S.W.2d 232, 234, 235[8] (Mo.App. 1978), it is clear that marital misconduct should not be a basis for awarding an inade-

quate share of marital property to an offending spouse. See *Burtscher v. Burtscher*, 563 S.W.2d 526 (Mo.App.1978), where the evidence was that the father took up an adulterous relationship near or after the time of separation, and the court refused to modify the division of the property at the behest of the wife, saying, pp. 527, 528, "When the misconduct of one party changes that balance [of equal contribution] so that the other party must assume more than his or her share of the partnership load it is appropriate that such misconduct should affect the distribution of the property of that partnership. It is logical that if one party to the partnership has, because of the other's misconduct, contributed more to the partnership, he or she should receive a greater portion of the partnership assets." [Brackets added.] There is nothing in this record indicating that the wife in moving out of the home and thereafter associated with another man imposed any additional burdens or hardships on the husband. She then had the care and custody of the children. In these circumstances, the unequal division of the marital property cannot be justified. The wife's award here should be increased by $9,163 to reflect her marital interest in the equity of the residence.

██ The husband appeals contending that he should have been awarded custody of the children because of the wife's adulterous relationship. That alone does not cause her to be an unfit custodial parent, but the inquiry is whether there has been an exposure to unseeming conduct and whether it has had an adverse effect on the children. *In re Marriage of L___ M___*, 541 S.W.2d 760, 761[4, 5] (Mo.App.1976). Here, the evidence is that the mother provides the children with adequate care, and they have good relationships. The children have adjusted to their new environment well, with no severe emotional problems since they have been living with their mother. The trial court's decree grants liberal visitation rights to the father consonant with the salutary proposition that "A child should ideally have well founded association with both of his parents." *In re Marriage of Powers*, 527 S.W.2d 949, 953[3–5] (Mo.

App.1975). No reason appears to disturb the award of custody in this case.

That part of the judgment awarding custody is affirmed. That part of the judgment dividing marital property is reversed and the case is remanded with directions to enter a new money judgment for appellant in an additional amount of $9,163, and for further proceedings, if desired by respondent, to hear evidence as to a time or installment terms within which to pay the additional money judgment as may be convenient to respondent.

All concur.