Jessie Janice McMILLIN,
Plaintiff-Appellant,

v.

Raymond Edwin McMILLIN,
Defendant-Respondent.

No. 44108.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Keith W. Hazelwood, Hazelwood, Barklage & Barklage, St. Charles, for plaintiff-appellant.

Frederick W. Drakesmith, Cundiff, Turken, Londoff & Drakesmith, St. Charles, for defendant-respondent.

SNYDER, Judge.

This is an appeal by the wife from a judgment in an action to convert a legal separation to a dissolution of marriage. Appellant challenges the trial court's distribution of marital property on the ground that the trial court erred in refusing to permit appellant to adduce evidence of respondent's marital misconduct that occurred before January 1, 1974. Appellant

maintains the misconduct evidence should have been considered when the trial court divided the marital property. This court agrees and reverses and remands the judgment as it pertains to the division of the marital property.

The parties married on June 9, 1951. The parties separated on June 30, 1976. A decree of legal separation was entered on July 13, 1977. The present action to convert the legal separation decree to one of dissolution of the marriage was begun on January 8, 1980.

The trial court found the parties owned marital property worth $156,955.39 and divided the property so that each party received an approximately equal share.

Appellant sought to show respondent's conduct during the marriage so that the trial court would consider the conduct in ruling upon the division of marital property. She attempted to place before the court evidence of physical abuse inflicted upon her by respondent in the years prior to 1972.

Respondent objected to the evidence because appellant did not plead marital misconduct in her motion to convert the legal separation to a dissolution. The trial court sustained the objection on the grounds that misconduct prior to January 1, 1974, the effective date of the Dissolution of Marriage Act, was too remote in time, and also because appellant failed to plead the misconduct, although the trial court did permit evidence of the parties' conduct after January 1, 1974.

■ Appellant made an offer of proof of the alleged past misconduct of respondent, but respondent contends the offer of proof preserved nothing for review. He asserts appellant's counsel should have made the offer by asking the proposed questions to the witness instead of giving the offer in a narrative form. Posing the proposed questions to the witness is a proper procedure for making an offer of proof, but not the exclusive method. *Stapleton v. Griewe*, 602 S.W.2d 810, 812–813 (Mo.App. 1980); *Hawkins v. Whittenberg*, 587 S.W.2d

358 (Mo.App.1979); *State v. Sullivan*, 553 S.W.2d 510 (Mo.App.1977). The offer may be in a narrative form so long as the offer is definite, specific, and sets out sufficient facts to demonstrate the admissibility of the evidence. *Stapleton v. Griewe, supra.* Appellant's offer of proof was sufficient and adequately preserved her point for review.

■ One of the factors to be considered in distributing marital property is the conduct of the parties during the marriage. § 452.330.1(4), RSMo. 1978.[1] "Conduct" includes both good and bad conduct. *Hopkins v. Hopkins*, 597 S.W.2d 702, 705–706[1, 2] (Mo.App.1980); *Burtscher v. Burtscher*, 563 S.W.2d 526, 527[1–3] (Mo. App.1978). The phrase "during the marriage" has been held to mean "throughout the course or continuance of" the marriage. *In re Marriage of Schulte*, 546 S.W.2d 41, 48[6] (Mo.App.1977); *accord, Burtscher v. Burtscher, supra.* But evidence of marital misconduct that occurred after the parties separated should not affect the distribution of property unless the misconduct imposed additional burdens or hardships on the other party. *Rising v. Rising*, 608 S.W.2d 510, 512 (Mo.App.1981).

■ Appellant's proffered evidence of respondent's misconduct during the marriage and before the separation was relevant to the statutory issue of the parties' conduct during the marriage. The trial court erred in holding that the evidence was too remote, although the time element may be considered in the weight to be given to the evidence.

■ The effective date of the Dissolution of Marriage Act is not a cut-off date for evidence of marital conduct. Nor should a cut-off date be set. The weight to be given to evidence of conduct during the marriage should be determined by the facts of each case, with consideration being given to the length of the marriage, the character of the conduct, the time during the marriage when the conduct occurred, and the

1. All Statutory citations are to RSMo. 1978.

frequency of the conduct and whether it was continual.

The trial court also based its ruling sustaining respondent's objection to the misconduct evidence on the fact that no marital misconduct had been pleaded. The trial court recognized that the statute, § 452.-330.1(4), requires a trial court to take into consideration marital conduct in making a division of the marital property, but court noted that there is no clear ruling in case law either requiring the pleading of marital misconduct or specifically permitting evidence of misconduct, even though it is not pleaded. The trial court concluded then that, in addition to being too remote in time, the evidence of misconduct prior to 1974 would not be received on the issue of the division of marital property because it had not been pleaded.

■ Pleadings, in order to set forth a claim for relief, "shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Rule 55.05. Under the Dissolution Act the trial court *must* divide all marital property in a just manner after considering the relevant factors set forth in the statute. § 452.330.-1. Therefore, alleging the existence of marital property and demanding a just division establishes a claim for the relief of the division of that property under Rule 55.05. The Dissolution Act does not require any more specific pleading.

Moreover, the conduct of the parties is only one factor relevant to proving what a just division of the property should be. Section 452.330.1 lists four non-exclusive relevant factors:

"(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home

or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage."

Requiring parties to plead one of these factors would mandate pleading all four, plus any other relevant facts or circumstances. Being required to plead the details of all four factors would impose unduly complex pleading requirements on the parties.

Including a request in the pleadings that the court divide the marital property gives the opposing party adequate notice that evidence on any of the four factors may be presented. And a party can always protect himself from surprise, unfair and false evidence by discovery prior to trial.

■ The exclusion of evidence is presumed prejudicial unless otherwise shown. *Reed v. Reed*, 101 Mo.App. 176, 70 S.W. 505, 506[2] (1902). *See, Coffman v. Faulkner*, 591 S.W.2d 23, 26[4–6] (Mo.App.1979). In the case under review, the proffered evidence of physical abuse was substantial. Appellant offered to prove that respondent struck her "three times or so with his fists" on three or four occasions per year after arguments about children by their respective prior marriages and financial matters. This physical mistreatment, according to the offer of proof, lasted from the time they were first married in 1951 until 1972, except during the period that appellant was pregnant. There was no showing by respondent that the exclusion of the offered evidence was not prejudicial. The evidence should be admitted to be given whatever weight the trial court deems it merits.

The judgment as it pertains to the division of the marital property is reversed and the cause remanded for a re-hearing on this issue. The judgment is affirmed in all other respects.

REINHARD, P. J., and CRIST, J., concur.