Doris Jean ANDERSON, Appellant,

v.

Floyd ANDERSON, Respondent.

No. 45770.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1983.

James M. Martin, St. Louis, for appellant.

Donna M. White, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant-wife appeals from a decree of dissolution of marriage. The issue presented on appeal is the trial court's division of marital property. More particularly, the issue is the disposition of real estate acquired by the respondent-husband after the separation of the parties but prior to the dissolution of their marriage. Within the narrow scope of review prescribed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we conclude that the trial court's division of marital property was erroneous. We therefore reverse and remand with directions.

The parties were married in 1960. In 1977 respondent left appellant and purchased a house for $20,000. Appellant was left in an apartment with the three children of the marriage, a situation made more onerous by respondent's failure to provide any support after his departure. The marriage of the parties was dissolved in 1982. At the time of the dissolution the house, which had an outstanding mortgage of $18,-000, had appreciated in market value to approximately $35,000. Respondent continues to reside in the house with another woman and their child.

The trial court dissolved the marriage, awarded appellant custody of two minor children,[1] $50 per week maintenance, and $50 per week per child for child support. Apart from the house purchased by respondent subsequent to his departure in 1977, the value of the marital property awarded

and the separate property set apart to each party was minimal and offset each other.

The trial court correctly found that the house purchased by respondent in 1977 was marital property. § 452.330.3, RSMo (Supp.1981). Although there were no findings of fact or conclusions of law requested by the parties, the trial judge, *ex gratia*, stated on the record:

> The Court has determined that the real property is marital property under the law but the Court finds since said property was purchased subsequent to the separation of these people and the wife was no longer performing whatever wifely duties she might be required to perform during this period of time, the Court finds that the respondent is entitled to the entire interest of this property.

Section 452.330.1, RSMo (Supp.1981) lists four nonexclusive factors to be considered in making a just division of marital property. The first factor is "the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker." We conclude that the trial judge erroneously applied this factor as the exclusive factor in awarding the house to appellant. We further conclude that the trial judge failed to consider appellant's "contribution as homemaker."

Appellant did not make a direct monetary contribution to the acquisition of the house. The question is whether she made a contribution as a homemaker after the separation of the parties, albeit not in the home occupied by respondent. The word "homemaker," undefined in the statute, does not lend itself to a precise definition. *In re Marriage of Cain v. Cain*, 536 S.W.2d 866, 874 (Mo.App.1976). It is clear, however, that the term includes the myriad of household and child rearing tasks which contribute to the economic well-being of the family. *See LaRue v. LaRue*, 304 S.E.2d 312 (W.Va.1983).

Respondent left appellant and the

1. Since the separation of the parties, the third child of the marriage has become emancipated.

children in an impoverished condition.[2] He failed to provide financial support for his family and failed to see his children on a regular basis. Appellant continued to feed, clothe, educate and house the children although financially abandoned by her husband. Respondent, freed of any responsibility for this family, was able to purchase a home and start a new family, presumably by using money that might otherwise have gone for his first family's financial support. This economic windfall was made possible by appellant's significant contribution as a homemaker for the children of the marriage. The services provided exclusively by appellant have an economic value which constitute her contribution to the acquisition of the house purchased by respondent. We therefore hold that the trial court erred in its consideration of this factor.

■ The next enumerated factor is "the value of the property set aside to each spouse." Under the facts of this case, consideration of this factor would have a de minimis effect on the division of marital property.

■ The third factor, in pertinent part, is "the economic circumstances of each spouse at the time the division of property is to become effective." Here there is a wide disparity between the parties. Apart from the award of maintenance and child support to appellant, her only other source of income is $38.50 per week from a part-time job. Respondent, on the other hand, is regularly employed as a molder at Granite City Steel. In 1981 he earned $27,000 from his employment. A consideration of this factor would favor a greater award of marital property to appellant.

The fourth and final factor listed under § 452.330.1 is "the conduct of the parties during the marriage." The trial judge stated on the record: "Let the record further reflect, although there was some evidence adduced in respect to marital misconduct on the part of the respondent, this court makes no specific finding as to said marital misconduct."

Respondent failed to support his family from 1977 to 1982. The economic windfall realized by respondent has previously been considered. Under this factor we consider the burden to the remainder of the family unit caused by respondent. Prior to this dissolution hearing, appellant and her children were compelled to vacate their apartment for nonpayment of rent. Consequently, they moved in with appellant's grown son where appellant and her daughter were forced to sleep on the living room floor due to crowded conditions. At that time respondent resided in a three-bedroom home in St. Louis County. As previously noted, respondent left his family in an impoverished condition which was directly caused by his financial abandonment of them.

■ Respondent's failure to support his family constituted marital misconduct.[3] Marital misconduct which occurs after the parties have separated affects the division of marital property where the misconduct imposed additional burdens or hardships on the other party. *See Rising v. Rising,* 608 S.W.2d 510 (Mo.App.1980); *McMillin v. McMillin,* 633 S.W.2d 223 (Mo.App.1982). This factor favors a greater award of marital property to appellant. We therefore hold that the trial court erred in failing to consider this misconduct when it divided the marital property. *D___L___L___ v. M___O___L___,* 574 S.W.2d 481, 485–486 (Mo.App.1978).

■ For the reasons stated herein, we hold that the trial court erroneously declared and applied the law in its division of

---

**2.** Appellant was forced to go on welfare in order to provide for her children. As a result, respondent is obligated to reimburse the welfare agency $2700 for A.D.C. benefits received by his family.

**3.** Although there was evidence in the record of physical abuse of appellant by respondent, it was within the discretion of the trial judge to disbelieve it. Under the facts of this case, respondent's admitted marital infidelity after his separation from his wife would not affect the distribution of marital property. *Rising v. Rising,* 608 S.W.2d 510, 512 (Mo.App.1980); *McMillin v. McMillin,* 633 S.W.2d 223, 225 (Mo. App.1982).

marital property. We reverse and remand with directions to the trial court to reconsider its division of marital property and to fashion a just division thereof consistent with this opinion. In all other aspects the decree of dissolution is affirmed. In so doing we acknowledge that the question of maintenance is interrelated with the matter of property division. *Wansing v. Wansing,* 612 S.W.2d 55, 56 (Mo.App.1981). We nevertheless hold that when appellant is awarded a greater portion of marital property, it is unnecessary for the trial court to reconsider its award of maintenance in this case.

REINHARD and CRIST, JJ., concur.