James E. TUCKER, Respondent,

v.

Donna M. TUCKER, Appellant.

No. 58402.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 9, 1991.

Gael Davis Wood, James W. McGettigan, Jr., Eckelkamp, Eckelkamp, Wood and Kuenzel, Washington, for appellant.

Mark C. Piontek, Richard B. Dempsey, Dempsey, Williams and Piontek, Washington, for respondent.

SMITH, Presiding Judge.

In this dissolution action wife appeals from the trial court's award of marital property, award of custody, and establishment of temporary custody and visitation.

The parties were married in June, 1981 and separated in July, 1988. One child, Nichole, was born of the marriage. In April and May, 1988, husband's sister, Sharon, was dying of terminal cancer. Wife spent considerable time in her sister-in-law's home assisting the family. Sharon died in late May, 1988. In July, wife went to Texas to assist the family of husband's brother when the wife in that family went into a hospital, apparently as a result of her involvement in assisting Sharon and her family and the strain of Sharon's death and several other family deaths. Sharon's widower, Dennis Babor, also went to Texas during this same period although not with Donna. They returned to Missouri together. Husband, who had received reports from Texas of involvement between wife and Babor, confronted wife on her return from Texas. Husband testified that wife indicated her preference for Babor over husband. Husband filed for dissolution the next day. Husband produced witnesses who testified to observing wife and Babor hugging and kissing passionately on occasions prior to husband and wife's separation. Wife denied any sexual relationship with Babor prior to separation and testified that any hugging and kissing were attempts to comfort Babor after the loss of his wife. The trial court found wife guilty of marital misconduct presumably based on the contacts with Babor although the nature of the misconduct was not specified in the decree. The court did find this misconduct "directly contributed to the dissolution of the marriage."

The marital assets of the parties were limited. The major assets were $12,000 equity in the family home and a four to five thousand dollar interest to husband's pension and retirement plan with his employer. The evidence concerning the pension plan did not establish that it met the requirements necessary for it to be considered divisible marital property. *See, Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982). Two motor vehicles with a total equity value of $50, bank accounts of nominal amounts, and home furnishings and clothing constituted the remainder of the marital property. The decree awarded husband the home, title to his pension and retirement plan, both motor vehicles, all bank accounts in his name, all household furnishings and appliances contained in the marital home, and his clothing, jewelry and personal effects. Wife received her clothing, jewelry and personal effects, bank accounts in her name, and all household furnishings and appliances in her possession. The effect of the decree was to award husband virtually all the marital property and a washing machine which the parties agreed wife had inherited from her grandmother. No maintenance was asked for or was awarded to either party.

During husband's testimony the following occurred:

"Q. What are you proposing—let's assume that the—your equity figure of $12,000 is fairly accurate. What are you suggesting to the court that you ought to pay your wife of that equity?

"A. Well, if half of the equity is hers I would like to pay her back in the time it took—in the time we've built the home—and up until now.

"Q. All right?

"A. What I owe her.

"Q. When did you build that home, Jim?

"A. I believe in '83, 1983.

"Q. So you've been there now about six years.

"A. Yes, sir.

"Q. And as I am listening to your testimony, I think what you're suggesting to the court is that you would like six years in which to pay your wife back for whatever interest Judge Brackman determines that she has?

"A. Yes, sir."

During wife's testimony the following occurred:

"Q. You heard Jim suggest that as far as he was concerned a proper division of the marital assets would be, at least as far as the home goes, is for him to keep the home and pay you one-half of the equity. Did you hear him say that?

"A. Yes.

"Q. And would such an arrangement be agreeable to you?

"A. Yes.

Following the hearing the trial court sent a letter to counsel stating:

"Basically Mr. Tucker gets it his way. Exceptions are she gets overnight visitation two weekends per month. Token child support of $5.00 per week. He pays costs, appraisal fee, and $1,000 of Gael's [wife's attorney] fees. Mark [husband's attorney] types decree."

Based on this cryptic communication counsel for husband prepared and the court signed the decree containing the distribution previously set forth. Husband justifies the court's action in giving husband almost all the marital property solely upon the misconduct of the wife.

■ The division of marital property need not be equal but it must be just. *Meyerpeter v. Meyerpeter,* 664 S.W.2d 11 (Mo.App.1983) [1, 2]. We addressed the function of the "conduct of the parties" statutory factor (§ 452.330.1(4) R.S.Mo. 1986) in *Burtscher v. Burtscher,* 563 S.W.2d 526 (Mo.App.1978). We noted first that marital misconduct should not serve as a basis for ordering excessive maintenance

against, or inadequate marital property to, the offending spouse. *Id.* [1–3]. We then set forth the circumstances in which the conduct factor became relevant:

"We believe the conduct factor becomes important when the conduct of one party to the marriage is such that it throws upon the other party marital burdens beyond the norms to be expected in the marital relationship. The thrust of the dissolution law is to treat the marriage as a partnership to which each spouse presumably contributes equally. When the misconduct of one party changes that balance so that the other party must assume more than his or her share of the partnership load it is appropriate that such misconduct should affect the distribution of the property of that partnership. It is logical that if one party to the partnership has, because of the other's misconduct, contributed more to the partnership, he or she should receive a greater portion of the partnership assets." *Id.*

■ Nothing in the record here demonstrates the above type of misconduct. The evidence indicates the wife contributed equally throughout the marriage to the partnership. Her misconduct, if it occurred, (and we defer to the trial court in that regard) occurred no earlier than the last two months of the marriage. The misconduct was serious and presumably caused the breakup of the marriage but that alone does not destroy the right of the wife to share in the marital assets. Husband did not suggest in his testimony that he believed wife should receive nothing in the way of marital assets. To the contrary, his testimony suggests that he believed wife was entitled to half of the equity in the home. While it is true, as he suggests in his brief, that he did not specifically state that, it is also true that he implied it and certainly did not affirmatively disavow it. The court erred in its division of marital property.

■ We have reviewed wife's remaining two issues involving primary custody, temporary custody and visitation. We are unable to find any abuse of discretion in the

award of primary custody of Nichole to husband or in the temporary custody and visitation arrangements prescribed by the trial court.

We are authorized to enter the decree that should have been entered by the trial court. Rule 84.14. Accordingly, the decree is modified to provide that wife, in addition to the property awarded in the decree, shall receive from husband as her share of the home equity, $6,000, to be paid in equal monthly principal installments over a period of six years with full or partial prepayment authorized at any time. Each installment to bear interest on the remaining principal balance at the rate of 9% per annum. Washing machine is awarded to wife as her separate property. As modified the judgment is affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.