Keith P. LAMPE, Appellant,

v.

Allison Jolene RUST, Respondent.

No. WD 65255.

Missouri Court of Appeals,
Western District.

May 9, 2006.

Robert L. Knapp, Independence, for Appellant.

Gretchen Yancey Rogers, Columbia, for Respondent.

PAUL M. SPINDEN, Judge.

Keith P. Lampe appeals the circuit court's judgment ordering joint legal and joint physical custody of his son, Korbin Patrick Lampe, to him and the boy's mother, Keith Lampe's former paramour Allison Jolene Rust. Lampe asserts that the circuit court erred in making its custody determination because it did not include in its judgment written findings of fact based on the factors listed in Section 452.375.2, RSMo Supp.2004.[1]  We agree.

This appeal arises from a paternity action to establish the parent-child relationship and to determine custody.  In determining issues related to custody in a paternity action, the circuit court must consider the factors set forth in Section 452.375, just as it would in a dissolution of marriage action.  *Sewell–Davis v. Franklin,* 174 S.W.3d 58, 60 (Mo.App.2005); *Besancenez v. Rogers,* 100 S.W.3d 118, 125–30 (Mo.App.2003); *Edmison v. Clarke,* 988 S.W.2d 604, 611 (Mo.App.1999).

Because the parties did not agree on the custody arrangement for the child, the circuit court was required to include findings of fact in its judgment based on the factors listed in Section 452.375.2 detailing the specific relevant factors that caused it to conclude that the chosen custodial arrangement was in the child's best interests.  Section 452.375.6, RSMo Supp.2004; *Speer v. Colon,* 155 S.W.3d 60, 61 (Mo. banc 2005).  Although Section 452.375.6 does not require the circuit court to make written findings of fact on all of the factors listed in Section 452.375.2, the circuit court must detail what it deems to be the relevant factors.  *Speer,* 155 S.W.3d at 62.  The circuit court's judgment did not include any findings of fact concerning the factors listed in Section 452.375.2.[2]

---

1.  Effective January 1, 2005, Rule 78.07(c) requires that in "all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review."  This rule was not in effect when the circuit court entered its judgment on October 6, 2004.  The circuit court entered an amended judgment on December 7, 2004, but it did have authority to do so.  Pursuant to Rule 75.01, the circuit court retained control over its judgment for only 30 days after entering its judgment.  On March 24, 2005, Lampe filed a motion to file his notice of appeal out of time, and this court granted his motion; hence, the judgment from which Lampe is appealing is the judgment dated October 6, 2004.  As a side note, the amended judgment also did not include the necessary findings based on the factors listed in Section 452.375.2.

2.  The circuit court's judgment also did not include in its judgment written findings of fact based on the public policy in Section 452.375.4, RSMo Supp.2004.

We, therefore, reverse the circuit court's judgment and remand for the circuit court to make the required findings of fact in compliance with Section 452.375.6.[3]

EDWIN H. SMITH, Chief Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.

3. Because we reach this conclusion, we need not address Lampe's remaining contention on appeal that the circuit court's custody judgment was not supported by substantial evidence and was against the weight of the evidence.