Taylor Elizabeth DAY, A Minor, by Erin E. FINNERN, Next Friend, and Erin E. Finnern, Individually, Petitioners/Respondents,

v.

Jacob Franklin DAY, Respondent/Appellant.

No. ED 89972.

Missouri Court of Appeals, Eastern District, Division One.

June 24, 2008.

Alexandra M. Hart, Clayton, MO, for respondents.

Stephen P. Ahlheim, Ahlheim & Dorsey L.L.C., St. Charles, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Father appeals from the trial court's judgment in a paternity action. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Father, Jacob Day, and mother, Erin Finnern, are the biological parents of Taylor Elizabeth Day (the child), who was born out of wedlock on August 8, 2000. Mother and father lived together with the child until May 2002. After they separated, the child lived with mother, and father had visitation, without a court order or formal agreement. Father married his current wife on June 11, 2005.

On March 3, 2006, mother filed a petition for declaration of paternity, custody, visitation, child support, and costs. On May 9, 2006, father filed an answer and cross-petition for declaration of paternity, custody, and support. On June 30, 2006, father filed a motion to be awarded sole physical and legal custody of the child and child support *pendente lite*. Mother married her current husband on July 8, 2006.

On July 20, 2006, the trial court entered, by consent of the parties, a judgment *pendente lite* (PDL) that granted joint legal

custody of the child to mother and father, sole physical custody to mother, and visitation rights to father. It also ordered father to pay child support. The PDL was silent on relocation of the child.

In late November or early December 2006, mother's husband received a job offer that had a higher salary with more potential for advancement than his current position. However, it required him to move to Texas by January 1, 2007. On December 21, 2006, father filed a petition for injunctive relief and a restraining order in the pending action to restrain mother from moving with the child to Texas and to have sole physical custody transferred to him. On December 31, 2006, while this motion was pending, mother and the child moved to Texas. The trial court treated father's petition as a motion to modify the PDL. It conducted a hearing, and on January 9, 2007, it entered a judgment in which it found that it was not in the child's best interests to require her to return to Missouri, to transfer custody to father, or to require mother to return to Missouri. It pointed out that there would be a trial "on the merits" in a few weeks.[1] Father thereafter filed a first amended motion for contempt against mother, alleging that mother had violated the relocation statute.

After a trial in April 2007, the trial court entered a paternity judgment. The court found father to be the natural father of the child. It concluded that mother was not required to comply with section 452.377.2 before she moved to Texas. It found that it was in the child's best interests to award sole legal and sole physical custody to mother with visitation to father. The court also denied father's motion for civil contempt. Father appeals from this judgment.

## DISCUSSION

■ We will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *H.S.H. ex rel. R.A.H. v. C.M.M.*, 60 S.W.3d 656, 659 (Mo.App.2001); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In child custody matters, we give greater deference to the trial court's decision than in other cases and will reverse the trial court's custody determination only if the welfare of the child requires a different disposition. *C.M.M.*, 60 S.W.3d at 659. Issues first raised in the argument portion of a brief that are not encompassed by the point relied on are not preserved for review on appeal. *In re Adoption of T.J.D.*, 186 S.W.3d 488, 494 (Mo.App.2006).

■ For his first point, father contends that the trial court erred in awarding sole physical custody of the child to mother without following section 452.377.2 RSMo (2000)[2] because this was a child relocation case subject to that statute. Father contends that a PDL custody order is a "court order establishing custody,"[3] as referenced in section 452.377.11, and that by virtue of the joint custody awarded to him by the PDL, he was entitled to notice under section 452.377.2. We disagree.

■ Section 452.375 governs the initial award of custody in paternity cases, as well as dissolution cases. *Lampe v. Rust*, 190 S.W.3d 631, 632 (Mo.App.2006). Section 452.375 requires a court to determine

---

**1.** Father's attorney subsequently withdrew, and the trial was continued.

**2.** All further statutory references will be to RSMo (2000), unless otherwise specified.

**3.** Section 452.377.11 requires "every court order establishing or modifying custody or visitation" to include specified language ordering notice of any proposed relocation.

custody in accordance with the best interests of the child after consideration of the relevant factors. The initial determination of custody is based on the best interests of the child and consideration of the eight factors set out in section 452.375. *Edmison v. Clarke*, 988 S.W.2d 604, 608 (Mo. App.1999). A trial court may not use a modification of custody standard in this situation. *Id.* The modification statute, section 452.410, does not come " 'into play, unless and until there has been an initial determination of custody pursuant to [section] 452.375.' " *C.A.W. v. Weston*, 58 S.W.3d 909, 912 (Mo.App.2001) (quoting *State ex rel. Dept. of Soc. Serv. v. Maher*, 976 S.W.2d 75, 79 (Mo.App.1998)).

In *DeFreece v. DeFreece*, 69 S.W.3d 109, 113–14 (Mo.App.2002), a dissolution case, the court applied *Edmison* in the relocation context and held that when a court is making an initial custody determination, it does so under section 452.375; it considers the mother's intention to relocate the child's residence under the relevant factors of that statute, and it is not required to apply the relocation statute, section 452.377. In *Brown v. Shannahan*, 141 S.W.3d 77 (Mo.App.2004), a paternity case, we held that section 452.377 did not apply to the custody determination in a case in which a mother had relocated with the child prior to the filing of the action because "[s]ection 452.377 provides for modification of *existing* custody or visitation arrangements." *Id.* at 79.

■ When a court makes an initial custody determination based on the child's best interest and in accordance with the factors of section 452.375.2, it is not required to make any additional findings under section 452.377 with respect to relocation. *Dunkle v. Dunkle*, 158 S.W.3d 823, 835 (Mo.App.2005) (citing *DeFreece*, 69

S.W.3d at 113–14; *Shannahan*, 141 S.W.3d at 79; *Abbott v. Perez*, 140 S.W.3d 283, 291–93 (Mo.App.2004)). Specifically, in this situation, a trial court is not required to address the notice provisions of section 452.377.2, because section 452.377 does not apply to an initial custody determination, "even if one parent relocates before that determination is made." *Dunkle*, 158 S.W.3d at 835 n. 17.

The paternity judgment from which father appeals was the initial custody determination. That determination was governed by section 452.375.2, and the trial court was not required to make any additional findings on relocation under section 452.377.

However, father argues that the consent PDL order was an order "establishing" custody as that term is used in section 452.377.11 and therefore was an order subject to the notice and procedures laid out in section 452.377.[4] We disagree.

■ The consent PDL order was not an order "establishing" custody. Section 452.380.1 allows parties to a custody proceeding to move for a temporary custody order. The purpose of a *pendente lite* proceeding to obtain temporary custody " 'is to adjudicate custody on a temporary basis pending final adjudication because no judicial determination of proper custody has been made.' " *Adams v. Adams*, 812 S.W.2d 951, 954 (Mo.App.1991) (quoting *Muegler v. Muegler*, 784 S.W.2d 839, 840 n. 1 (Mo.App.1990)). "The purpose of a PDL order is to maintain the status quo pending final judgment." In re Marriage of Kovach, 873 S.W.2d 604, 607 (Mo.App. 1993). *See also* Landoll by *Landoll v. Dovell*, 752 S.W.2d 323, 325 (Mo. banc 1988). It is designed " 'to provide tempo-

---

4. We observe that the PDL order, which was entered by consent, did not contain the notice required by section 452.377.11 in "every court order establishing ... custody or visitation," although father now claims that the PDL order was such an order.

rary relief pending a full hearing on the merits.'" *Baumgart v. Baumgart,* 944 S.W.2d 572, 576 (Mo.App.1997) (quoting *D.K.L. v. L.C.L.,* 764 S.W.2d 664, 666 (Mo. App.1988)). It "is not itself a full decision on the merits of the custody issue." *Id.*

Because the award of joint temporary custody in the PDL was not a decision on the merits, it was not an order "establishing" custody, and the provisions of section 452.375 for establishing initial custody applied to the custody determination in this case. The trial court did not err in concluding that section 452.377 did not apply to the custody determination in this case. Point one is denied.[5]

For his second point, father contends that the trial court erred in denying his first amended motion for contempt for mother's failure to notify him of her relocation to Texas, as required by section 452.377. This point is moot because, as we held above, section 452.377 does not apply when a mother relocates with a child prior to an initial determination of paternity and custody. Point two is denied.

For his third point, father asserts that the trial court erred in awarding physical custody to mother because it "confused" the best interests of mother with the best interests of the child in that the child would not be able to develop as close and as meaningful a relationship with father as she would if she remained in Missouri.

In making a best interests determination in a custody case, a trial court must consider the eight factors set forth in section 452.375.2. In this case, the trial court considered each of the factors in section 452.375.2 and made a written finding on each, as required by section 452.375.6. The court found that the child was entitled to a frequent, continuing, and meaningful relationship with both parents; that she interacted well with both parents; that each parent would allow the child frequent, continuing, and meaningful contact with the other parent; that the child was well-adjusted in each parent's home; that the child was mentally and physically well-adjusted and the parents did not suffer from any mental or physical illnesses that interfered with their ability to parent; and that the child loved both parents and cherished her time with both. It found that mother and father each wanted sole physical custody, mother wanted the child to reside with her in Texas, and father wanted the child to reside with him in Missouri. The court then added to its findings:

> Father and Mother are both loving, caring parents. Throughout her young life, Mother has been [the child's] primary caregiver. [The child] has no memory of her parents ever being together. Her entire life has been spent living with Mother and visiting Father on weekends and holidays. Although the pendente lite judgment gave Father a Thursday overnight visit, Father stopped exercising that visit because there was too much drive time involved. Since his marriage in June 2005, Father's wife handles most of the communication with Mother. Mother is unwilling to move back to Missouri, and Father has no intention of moving to Texas. Although [the child] certainly loves Father and enjoys her time with him, the evidence simply does not support a finding that it is in [the child's] best interest to be removed from Mother's physical custody and placed in Father's physical custody.

It concluded that it was in the child's best interests to be placed in mother's sole

---

5. Had the parties wanted to prevent relocation prior to final judgment, they could have done so by putting such a clause in the PDL and maintained the child's residential status quo until the trial on the merits at which time the trial court could have addressed any proposed relocation pursuant to section 452.375.2(7).

legal and sole physical custody. The court's findings do not show that the trial court confused the child's best interests with mother's best interests. Point three is denied.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J., concurs.

KENNETH M. ROMINES, J., concurs in a separate concurring opinion.

*CONCURRING OPINION*

KENNETH M. ROMINES, Judge.

I concur in the judgment.

This writer believes the manner by which this case reaches this Court is fundamentally flawed. Mo. Const. Art. V (1945) sets out a complete mechanism for the selection of the people who are to judge lawsuits. Art. V nowhere mentions a "Commissioner." Reliance on Section 487.030–superseded by Rule 129–does not in my judgment overcome what is a clear and unambiguous Constitutional scheme.